PHILLIP A. TALBERT
United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:21-CR-00178-JAM |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| GABRIEL ALVA, | |
| Defendant. | |

## I.    INTRODUCTION

### A.    Scope of Agreement

The information in this case charges the defendant with conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(a)(1), and with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

///

///

### B. Court Not a Party

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of the defendant, including activities that may not have been charged in the information. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II. DEFENDANT'S OBLIGATIONS

### A. Guilty Plea

The defendant will plead guilty to Count One of the information, charging him with conspiracy to distribute and possess with intent to distribute controlled substances, and Count Two of the information, charging him with possession of a firearm in furtherance of a drug trafficking crime. The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis For Plea (the "factual basis") attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this agreement. The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this agreement generally.

The defendant acknowledges that the crime to which he is pleading guilty is listed in 18 U.S.C. § 3143(a)(2), and agrees that he will be remanded into custody upon the entry of his plea.

### B. Special Assessment

The defendant agrees to pay a special assessment of $200 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment prior to that hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary, by participating in the Inmate Financial Responsibility Program.

### C. Defendant's Violation of Plea Agreement or Withdrawal of Plea

If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. One way a defendant violates the plea agreement is to commit any crime or provide any statement or testimony which proves to be knowingly false, misleading, or materially incomplete. Any post-plea conduct by the defendant constituting obstruction of justice will also be a violation of the agreement. The determination whether the defendant has violated the plea agreement shall be decided under a probable cause standard.

If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the government shall have the right: (i) to prosecute the defendant on any of the counts to which he pleaded guilty; (ii) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (iii) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to exercise the options stated in the previous paragraph. Any prosecutions that are not time-barred by the applicable statute of limitations as

of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition: (i) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (ii) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

### D.  Forfeiture

The defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title, and interest to any and all assets subject to forfeiture pursuant to 21 U.S.C. § 853(a). Those assets include, but are not limited to, the following:

1. Approximately 10.6396908 Bitcoin;
2. Approximately 8.414561 Litecoin;
3. Approximately 1.5639 Ethereum;
4. Approximately 0.5187177 Bitcoin;
5. Approximately $827.04 seized from a Paypal account assigned to email address gabrielalva92@gmail.com, plus all accrued interest; and
6. Approximately $8,975.10 seized from a Discover Bank account number 7016627348 in the name of Gabriel Alva, plus all accrued interest.

The defendant agrees that the listed assets constitute or are derived from proceeds obtained, directly or indirectly, as a result of violations of 21 U.S.C. §§ 846 and 841(a)(1).

The defendant agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States. The defendant shall not sell, transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed assets. The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States, the State of California or its subdivisions. The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

### III.   THE GOVERNMENT'S OBLIGATIONS

#### A.   Recommendations

##### 1.   Incarceration Range

The government will recommend that the defendant be sentenced to the low end of the applicable guideline range for his offense, including the application of the mandatory statutory minimum terms, as determined by the Court. The government may recommend whatever it deems appropriate as to all other aspects of sentencing.

##### 2.   Acceptance of Responsibility

The government will recommend a two-level reduction (if the offense level is less than sixteen) or a three-level reduction (if the offense level reaches sixteen) in the computation of the defendant's offense level if he clearly demonstrates acceptance of responsibility for his conduct as defined in United States Sentencing Commission Guidelines Manual ("U.S.S.G." or the "Guidelines") § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the presentence report, being truthful and candid with the probation officer, and not otherwise engaging in

conduct that constitutes obstruction of justice within the meaning of U.S.S.G. § 3C1.1, either in the preparation of the presentence report or during the sentencing proceeding.

### B. Use of Information for Sentencing

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

### IV. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offenses to which the defendant is pleading guilty. As to Count One, conspiracy to distribute and possess with intent to distribute controlled substances:

1. Beginning in or around June 2018 and ending in or around May 2019, there was an agreement between two or more persons to distribute and possess with intent to distribute a controlled substance, to wit: at least one kilogram of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; at least five kilograms of a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance; or at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and

2. The defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

As to Count Two, possession of a firearm in furtherance of a drug trafficking crime:

1. The defendant committed the crime of conspiracy to distribute and possess with intent to distribute a controlled substance, as alleged in Count One of the information, which is a drug trafficking crime;

///

///

2. The defendant knowingly possessed a Remington model 870 shotgun bearing serial number AB628467M, or a Smith & Wesson M&P15 assault rifle bearing serial number ST54016; and

3. The defendant possessed the firearm in furtherance of the crime of conspiracy to distribute and possess with intent to distribute controlled substances, as alleged in Count One of the information.

The defendant fully understands the nature and elements of the crimes charged in the information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V.   MAXIMUM SENTENCE

### A.   Maximum Penalty

The maximum sentence the Court can impose on Count One of the information is incarceration for life, a fine of $10 million, a period of supervised release of at least five years and up to life, and a special assessment of $100. Count One to which the defendant is pleading guilty carries a ten-year mandatory minimum sentence, absent a motion by the government for reduction pursuant to 18 U.S.C. § 3553(e). The maximum sentence the Court can impose on Count Two of the information is a mandatory term of incarceration of five years, to be served consecutively to the sentence imposed on Count One of the information, a period of supervised release of up to three years, and a special assessment of $100. In addition, the defendant may be ineligible for certain federal and/or state assistance and/or benefits, pursuant to 21 U.S.C. § 862.

By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific counts to which the defendant is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

///
///
///

B. **Violations of Supervised Release**

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to five years of additional imprisonment.

### VI. SENTENCING DETERMINATION

A. **Statutory Authority**

The defendant understands that the Court must consult the Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

B. **Guideline Calculations**

The government and the defendant agree that the following is their present best estimate of the sentencing guidelines variables. These estimates shall not be binding on the Court, the Probation Office, or the parties:

1. Base Offense Level: 36, pursuant to U.S.S.G. §§ 2D1.1(a)(5) and (c)(2), because the defendant and his co-conspirators sold and possessed with intent to distribute approximately 50,118 kilograms of converted drug weight.

2. Specific Offense Characteristics: The defendant's offense level should be increased by two levels, pursuant to U.S.S.G. § 2D1.1(b)(7), because he distributed controlled substances through online marketplaces on the dark web.

3. Adjustment for Acceptance of Responsibility: See section III.A.2 above.

///

4.  <u>Criminal History and Criminal Livelihood:</u> The parties estimate that the defendant's criminal history category is I.

5.  <u>Estimated Guidelines range:</u> 168–210 months on Count One of the information, plus a mandatory and consecutive 60 months on Count Two of the information.

The parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility" and the decrease for "Mitigating Role"), or cross-references, except that the government may move for a departure or adjustment based on the defendant's post-plea obstruction of justice (U.S.S.G. § 3C1.1).

Other than as set forth above, both parties agree not to move for, or argue in support of, any departure from the Guidelines under *United States v. Booker*, 543 U.S. 220 (2005). The defendant is free to recommend to the Court whatever sentence he believes is appropriate under 18 U.S.C. § 3553(a).

## VII.   WAIVERS

### A.   Waiver of Constitutional Rights

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (i) to plead not guilty and to persist in that plea if already made; (ii) to be tried by a jury; (iii) to be assisted at trial by an attorney, who would be appointed if necessary; (iv) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (v) to subpoena witnesses to testify on his behalf; (vi) to confront and cross-examine witnesses against him; and (vii) not to be compelled to incriminate himself.

### B.   Waiver of Appeal and Collateral Attack

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed 400 months. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which the defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's

plea of guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (i) the sentence imposed by the Court exceeds the statutory maximum; and/or (ii) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this agreement constitutes a complete waiver of all appellate rights. In addition, regardless of the sentence he receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

### C. Impact of Plea on Defendant's Immigration Status

The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty. The defendant and his counsel have discussed the fact that the charge to which the defendant is pleading guilty is an aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 U.S.C. § 1101(a)(43), and that while there may be arguments that the defendant can raise in immigration proceedings to avoid or delay removal, it is virtually certain that the defendant will be removed if he is not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his immigration status if he is not a citizen of the United States. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

### VIII. ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX. APPROVALS AND SIGNATURES

### A. Defense Counsel

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 5/31/23

DAVID DRATMAN
Counsel for Defendant

### B. Defendant

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 5/31/23

GABRIEL ALVA
Defendant

### C. Attorney for the United States

I accept and agree to this plea agreement on behalf of the government.

Dated: June 1, 2023

PHILLIP A. TALBERT
United States Attorney

By: SAM STEFANKI
Assistant United States Attorney

///
///
///
///
///

**EXHIBIT "A"**
**Factual Basis for Plea**

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

Beginning no later than in or around June 2018, and continuing to in or around May 2019, in the County of Sacramento, within the State and Eastern District of California and elsewhere, the defendant conspired to distribute and possess with intent to distribute at least one kilogram of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; at least five kilograms of a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance; and at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; all in violation of Title 21, United States Code, Sections 846 and 841(a)(1), (b)(1)(A).

As part of the conspiracy, the defendant, with others known and unknown, operated the dark web vendor accounts RAISEAPPEALS on Dream marketplace, DIABLOW on Silk Road 3.0 marketplace, and RAISEDBYDIABLOW on Nightmare marketplace, through which the defendant and others sold heroin, cocaine, and methamphetamine. Further, on or about May 16, 2019, the defendant possessed with intent to distribute the following quantities of controlled substances located at his residence in Winnetka, California: 1,911 grams of a mixture or substance containing a detectable amount of heroin; 2,745 grams of a mixture or substance containing a detectable amount of cocaine, its salts, optical or geometric isomers, or salts of isomers; and 23,829 grams of a mixture or substance containing a detectable amount of methamphetamine.

Further, on or about May 16, 2019, in the County of Los Angeles, within the State and Central District of California, and elsewhere, the defendant, during and in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute controlled substances, possessed the following firearms: a Remington model 870 shotgun bearing serial number AB628467M, and a Smith & Wesson M&P15 assault rifle bearing serial number ST54016. The defendant specifically admits that he knowingly possessed those firearms at his residence in Winnetka, California, from which the defendant distributed and possessed with intent to distribute heroin, cocaine, and methamphetamine.

Dated: 5/31/23

GABRIEL ALVA
Defendant

PLEA AGREEMENT                                A-1